UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:11CR180 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION  AND ORDER |
| | ) | |
| GEORGE A. PHILLIPS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the government's motion to compel defendant Michael McMichael to comply with Rule 16 discovery requirements. (Doc. No. 109.) This matter is fully briefed and ripe for decision.

Pursuant to Rule 16(b)(1)(A), the government moves to require defendant McMichael to produce discovery requested by the government in its October 26, 2011 letter to counsel. In an email dated November 14, 2011, McMichael's counsel denied the government's request, stating:

> Discovery: Your letter of October 26 requests that Mr. Michael provide the government with unspecified discovery. Mr. Michael has never made a discovery request pursuant to Rule 16 of the Rules of Criminal Procedure and is under no obligation to reciprocate the Government's voluntary disclosure.

Rule 16 provides, in relevant part:

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers,

> documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if: (i) the item is within the defendant's possession, custody or control; and (ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

Fed. R. Crim. P. 16(b)(1)(A). As the rule provides, the defendant's duty to disclose is not triggered until the government complies with the defendant's discovery requests. Upon the government's request, the defendant assumes a continuing duty to promptly disclose newly discovered evidence. The court, in its discretion, may sanction a defendant for failing to comply with his discovery obligations. *See* Fed. R. Crim. P. 16(d)(2); *see, e.g., United States v. Hamilton*, 128 F.3d 996, 1003-05 (6th Cir. 1997) (no abuse of discretion when court excluded defendant's receipts because the defendant failed to provide timely discovery to the government).

While the government acknowledges that McMichael never formalized a request for discovery in writing, the government argues that it was always "led to believe" that McMichael was requesting discovery based on various actions taken by counsel. Specifically, the government points to the following: (1) in a May 12, 2011 email to defense counsel, the government's attorney wrote that he was anticipating a request for discovery by Mr. Michael, and defense counsel responded that "I don't see any reason that counsel for the two defendants cannot confer openly about the discovery materials since each will presumably be given a full set"; (2) McMichael's May 18, 2011 motion to continue the trial date supported, in part, by the representation that "Mr. McMichael has not yet received the initial discovery promised by the Government […]. He cannot determine the extent to which further discovery or pretrial motions may be required"; (3) McMichael joined in a motion in opposition to the government's proposed

2

protective order in connection with the discovery materials to be provided to defense counsel; (4) July 8, 2011 pretrial hearing where the parties discussed with the Court the protective order that would govern discovery in this matter: and (5) defense counsel provided the government with a hard drive to facilitate the transfer of discovery.

Defendant McMichael has received voluminous discovery, including two terabytes of digitized records and thousands of wiretap communications. He suggests, however, that he has no duty to provide reciprocal discovery because he never made a "formal request" for discovery under Rule 16. Such attempts to "exalt form over substance" have been flatly rejected.[1] *See, e.g., United States v. Eichholz*, 2009 U.S. Dist. LEXIS 104497, at *3 n.2 (S.D. Ga. 2009) (rejecting a similar argument, noting that "[w]hat is sauce for the goose (defendant receiving discovery far exceeding what is required under the rules) is sauce for the gander (the government's entitlement to those disclosures that are required by the rules)").

McMichael has already received discovery that far exceeds that required by the Constitution and the Federal Rules of Criminal Procedure, and by his actions—the activity cited by the government, as well as the fact that defense counsel negotiated a protective order so that his client could receive the government's discovery—has indicated that he was both requesting and expecting to receive such disclosure. Indeed, while counsel focuses on his "quite carefully" crafted words (or the lack thereof), his actions cited previously in this Opinion and Order, including his affirmative action in

---

[1] In his brief in opposition, counsel for Mr. McMichael states that his client "quite carefully and deliberately never made [a request for Rule 16 disclosure]." (Opposition at 1.) The Court does not appreciate this type of gamesmanship from an officer of the court, whereby rules designed to ensure openness and fairness of trials are manipulated to intentionally disadvantage an opponent, and expects counsel's future interaction with the government and this Court to be in good faith.

producing to the government a hard drive to receive the government's discovery, speak louder than words. The Court finds that McMichael has triggered his statutory discovery obligations, and that to find otherwise would be to permit a trial by ambush. *See United States v. Nobles*, 422 U.S. 225, 233 (1975) (rejecting the notion "that the Fifth Amendment renders criminal discovery 'basically a one-way street" and recognizing that the truth-finding process also imposes disclosure obligations upon a defendant).

For all of the foregoing reasons, the government's motion to compel is GRANTED. Defendant McMichael is hereby directed to produce reciprocal discovery to the government no later than November 28, 2011, which is the first day of the week jury selection begins in this case. A failure to comply may result in the exclusion of evidence or witness testimony as set forth in Rule 16.

**IT IS SO ORDERED**.

Dated: November 23, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**