UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11CR180 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| GEORGE A. PHILLIPS, nka GEORGE | ) | |
| PHILLIPS-OLIVIER, et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Defendant George Phillips-Olivier ("Phillips") was charged in a five-count Indictment with various crimes related to his alleged receipt of bribes as head of the Cuyahoga Metropolitan Housing Authority. After a jury trial, Phillips was found not guilty as to Counts 1 through 4 of the Indictment and guilty as to Count 5: making false statements to law enforcement in violation of 18 U.S.C. § 1001. After all parties had rested, Phillips made an oral motion, pursuant to Fed. R. Crim. P. 29, for a judgment of acquittal specifically as to Count 5 and has since filed a brief in support of that oral motion. (Doc. No. 169.) The government has, simultaneously, filed a brief opposing Phillips's motion. (Doc. No. 170.)

As an initial matter, while Phillips made general Rule 29 motions for a judgment of acquittal as to other Counts in the Indictment both at the close of the government's evidence and in the midst of the presentation of Phillips's own evidence, the Rule 29 motion specifically as to Count 5 (i.e., the motion at issue here) was not made

until after the jury had retired to deliberate. In making his general Rule 29 motions, defendant Phillips basically adopted the very specific arguments posited by defendant McMichael.[1] It is important to note that defendant McMichael was not charged in Count 5 of the Indictment and, therefore, did not address that Count in his motion.

Count 5 pertains to false statements made by Phillips to FBI agents during an interview conducted at his home in October 2008. Phillips contends that the government failed at trial to introduce sufficient evidence from which the jury could conclude beyond a reasonable doubt that one of the elements of the offense charged— namely, that the false statements alleged in Count 5 were made in a "matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States"—was met. 18 U.S.C. § 1001(a).

The jury instructions in this case stated the fifth element of the crime charged in Count 5 as follows:

> Fifth, that the statement pertained to a matter within the jurisdiction of the executive branch of the United States government.

(Jury Instructions at 39.) The instructions go on to clarify that "A matter is 'within the jurisdiction of the executive branch of the United States government' if the FBI has the power to exercise authority in that matter."[2] (*Id.*) More precisely, then, the issue here is whether sufficient evidence was presented by the government at trial from which the jury could conclude beyond a reasonable doubt that the FBI had power to exercise authority in

---

[1] In the midst of the presentation of Phillips's evidence, Phillips also made his own brief Rule 29 argument as to Count 3 of the Indictment. *See* Trans. at 1181-83.
[2] Both of these portions of the jury instructions are taken verbatim from the Sixth Circuit Pattern Instructions.

questioning Phillips as it did in October 2008. A review of the trial transcript indicates that sufficient evidence was indeed presented.

Both of the FBI special agents who took part in the October 2008 interview of Phillips testified at trial: R. Michael Massie and Christine Oliver. Massie and Oliver both testified that they were employed as special agents with the FBI. (Trans. at 56, 837.) Massie testified that he was "assigned to the public corruption squad in the Cleveland division of the FBI." (*Id.* at 57.) Massie went on at great lengths to explain how this corruption investigation ultimately included Phillips as a target. He testified that he and Oliver "were assigned to conduct an interview of George Phillips" (*id.* at 130) and that he told Phillips the interview was "about the Cuyahoga County investigation." (*Id.* at 131.) Massie also stated that he and Oliver "explained to [Phillips] that he could be charged with a federal offense if he lied" or "was not truthful" in the interview. (*Id.*)

Similarly, Oliver also testified that she was a special agent with the FBI. (Trans. at 837.) She stated that she and Massie "were assigned to conduct the interview of George Phillips" (*id.* at 863) and that at the start of the interview with Phillips, she explained that the interview "was part of an ongoing county corruption investigation." (*Id.* at 864.) Oliver also cautioned Phillips that it "would be [a] federal felony to lie to a[n] FBI agent during the course of an investigation." (*Id.*)

In deciding a Rule 29 motion for judgment of acquittal, a trial court must consider whether, "'in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Montgomery*, 358 Fed. App'x 622, 628 (6th Cir. 2009) (quoting *United*

*States v. Landham*, 251 F.3d 1072, 1083 (6th Cir. 2001)); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1997) (When reviewing the "sufficiency of the evidence to support a criminal conviction," "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). With this standard in mind, the Court is persuaded that the evidence offered by the government was sufficient evidence from which the jury could rationally conclude beyond a reasonable doubt that the FBI had the power to exercise authority in the corruption investigation at issue, including the October 2008 questioning of Phillips. Massie testified that he was an FBI agent, that part of his duties as an FBI agent included the investigation of public corruption in Cleveland, and that the October 2008 interview of Phillips was part of that investigation. Oliver's testimony supported Massie's. Phillips's motion for a judgment of acquittal as to Count 5 of the Indictment is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: December 29, 2011

                                                 **HONORABLE SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**